IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **WILLIE D. BARFIELD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 8:07CV256 |
| | ) | |
| v. | ) | |
| | ) | |
| **HUNT OIL COMPANY and** | ) | MEMORANDUM AND ORDER |
| **ONE JOHN DOE OIL COMPANY,** | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff has filed an application for leave to proceed *in forma pauperis* (IFP), which will be provisionally granted. By proceeding IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which provides that the court shall dismiss the case at any time if the court determines that–

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal–
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from
        such relief.

Liberally construing the complaint (filing 1), the plaintiff alleges that the defendant Hunt Oil Company and an unknown defendant unlawfully extracted oil from beneath his mother's property in Louisiana, that the plaintiff's mother is now deceased, and that the plaintiff is one of three surviving heirs. Although the plaintiff alleges a due process violation, this is more properly framed as a claim for trespass or conversion. The plaintiff also alleges that the defendants conspired to murder his mother in order to acquire her property. This may be deemed a survival or wrongful death claim.

The court has serious doubts whether the complaint states a claim on which relief can be granted to a decedent's heir under Louisiana law (assuming that law applies), but will allow the plaintiff to serve the defendant Hunt Oil Company with summons and a copy of the complaint for its response. Accordingly,

IT IS ORDERED that:

1. Plaintiff's application for leave to proceed *in forma pauperis* (filing 2) is provisionally granted.

2. To obtain service of process on the defendants, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send ONE summons form and ONE USM-285 form to the plaintiff together with a copy of this Order. The plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of Court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk will sign the summons, to be forwarded with a copy of the complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The court will copy the complaint, and the plaintiff does not need to do so.

4. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. Failure to obtain service on the defendant within that deadline may result in dismissal of this matter. **The Clerk of the Court shall set a pro se case management deadline of October 30, 2007, with the following text: "Deadline for service of summons by plaintiff."**

5. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

6. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

7. The plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 11th day of September, 2007.

BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge