IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIE D. BARFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV256 |
| | ) | |
| v. | ) | |
| | ) | |
| HUNT OIL COMPANY and ONE | ) | **MEMORANDUM AND** |
| JOHN DOE OIL COMPANY, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant Hunt Oil Company's ("Hunt Oil") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Filing No. 12.) Accompanying its Motion to Dismiss, Hunt Oil filed a Brief (filing no. 13) and an Index of Evidence (filing no. 14). Plaintiff filed a Motion for Trial and untimely Objection to the Motion to Dismiss on April 21, 2008. (Filing No. 16.) On May 1, 2008, this court entered a Memorandum and Order stating that pursuant to Federal Rule of Civil Procedure 12(d), the court would treat Defendant Hunt Oil's Motion to Dismiss as a Motion for Summary Judgment. (Filing No. 18 at CM/ECF p. 1.) The court gave Plaintiff until May 30, 2008 to respond to Defendant's Motion to Dismiss by presenting all material pertinent to the motion as allowed under Federal Rule of Civil Procedure 56. (*Id.*) On May 5, 2008, Plaintiff filed an Affidavit in Opposition to Summary Judgment of Defendant. (Filing No. 20.) The court has carefully reviewed the documents submitted by both parties and grants Defendant's Motion to Dismiss, converted into a Motion for Summary Judgment, for the reasons set forth in this Memorandum and Order.[1]

---

[1]The court acknowledges that Plaintiff's Objection to Defendant's Motion to Dismiss is untimely. But because the Objection fails to raise any factual or legal issues that would cause this court to reconsider its decision to grant Defendant's Motion to Dismiss/Motion for Summary Judgment, consideration of the Objection will not prejudice Defendant.

## I. BACKGROUND

On July 2, 2007, Plaintiff Willie Barfield filed his Complaint against Defendants Hunt Oil Company and One John Doe Oil Company. (Filing No. 1.) Liberally construed, Plaintiff's Complaint alleges that Hunt Oil and an unknown defendant unlawfully extracted oil from beneath Plaintiff's mother's property in Louisiana. (Filing No. 1 at CM/ECF p. 1.) Based on the Complaint, the attached documents, and Plaintiff's Affidavit in Opposition to Summary Judgment of Defendant, it appears Plaintiff is specifically claiming that an oil company forged a land-sale contract with Plaintiff's mother, and then improperly extracted oil from the land. (*See* Filing Nos. 1 & 20.) Plaintiff further alleges that Defendants conspired to murder his mother. (Filing No. 1 at CM/ECF p. 2; Filing No. 20 at CM/ECF p. 2.) This court has reviewed Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) and has characterized them as claims for trespass or conversion and wrongful death. (*See* Filing No. 7.)

Defendant Hunt Oil filed its Motion to Dismiss on October 23, 2007. (Filing No. 12.) In its brief supporting its motion, Hunt Oil states that it was not a party to the contract involving the sale of Plaintiff's mother's land and mineral rights. (Filing No. 13 at CM/ECF p. 4.) Hunt Oil argues that the pleadings show that Hunt Petroleum Corporation—not Hunt Oil—was a party to the contract. (*Id*.) Hunt Oil has established by affidavit that there is no affiliation whatsoever between Hunt Petroleum Corporation and Hunt Oil, and that Hunt Oil does not own any interest in the 40-acre tract in the SE SE of Sec. 5, Twp. 15N, R. 6W, Bienville Parish, Louisiana, the property that was the subject of the land-sale contract. (Filing No. 14-2 at CM/ECF pp. 1-2; Filing No. 1 at CM/ECF p. 5.) Moreover, Hunt Oil argues that Plaintiff's claims are barred by the Nebraska and Louisiana statutes of limitations and the Nebraska Wrongful Death Act.

## II.   LEGAL ANALYSIS

### 1.   Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  *See also Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994).  It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue.  *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999).  In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion.  *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate their allegations with "'sufficient probative evidence [that] would permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)).  "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id*.  Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### 2.   Wrong Party

Hunt Oil argues that Plaintiff cannot prevail against it based on any set of facts because Hunt Oil was not a party to the sale-of-land contract entered into by Plaintiff's mother.

Attached to Plaintiff's Complaint is a letter from a Hunt Petroleum Corporation stating that, "[a] search of our records has shown that [Plaintiff's mother] Annie Barfield **sold all** of her **mineral interest**" in the property that is the subject of this lawsuit. (Filing No. 1 at CM/ECF p. 4 (emphasis in original).) Accompanying that letter is a land-sale contract naming as parties Annie Barfield and J.O. Evans. (*Id*. at 5.) Hunt Oil has established by affidavit that it is in no way affiliated with Hunt Petroleum Corporation and is not a party to the contract in dispute. (Filing No. 14-2 at CM/ECF pp. 1-2.) Plaintiff has not provided any contrary evidence indicating that Hunt Oil was indeed a party to the contract in dispute. Accordingly, it appears that Plaintiff has named the wrong party in this lawsuit. Therefore, Hunt Oil's Motion to Dismiss, converted into a motion for summary judgment, is granted and Hunt Oil is dismissed as a party to this lawsuit.

### **3.** **Remaining Defendant**

Plaintiff has also named One John Doe Oil Company as a defendant to this lawsuit. It is not clear whether Plaintiff now knows the identity of this second oil company, but this case cannot proceed without a known named defendant. Therefore, on its own motion, the court will grant Plaintiff leave to amend his Complaint to identify the unnamed oil company and/or name the correct defendant to this action by June 14, 2008. In his amended complaint, Plaintiff must repeat all claims he is raising against the named defendant. Failure to repeat all claims in their entirety may result in the abandonment of claims. Plaintiff is warned that failure to file an amended complaint may result in the dismissal of this action without further notice.

IT IS THEREFORE ORDERED that:

1. Defendant Hunt Oil Company's Motion to Dismiss, converted into a motion for summary judgment, (filing no. 12) is granted and Hunt Oil Company is dismissed as a party to this action.

     2.     Plaintiff's Objection to Defendant's Motion to Dismiss and Motion for Trial (filing no. 16) is denied.

     3.     Plaintiff shall have until June 14, 2008 to amend his Complaint to identify the unnamed oil company and/or name the correct defendant to this action. In his amended complaint, Plaintiff must repeat all claims he is raising against the defendant. Failure to repeat all claims in their entirety may result in the abandonment of claims. Plaintiff is warned that failure to file an amended complaint may result in the dismissal of this action without further notice.

     4.     The Clerk of Court is directed to set a pro se case management deadline using the following language: June 14, 2008 check for amended complaint.

May 15, 2008.               BY THE COURT:

                               s/ *Richard G. Kopf*
                              United States District Judge