IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIE D. BARFIELD, | ) | Case No. 8:07CV256 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| HUNT PETROLEUM | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

    The plaintiff, Willie D. Barfield, alleges in his amended complaint that the defendant, Hunt Petroleum Corporation, acting in concert with others, illegally seized land and mineral rights owned by Barfield's mother, and conspired to murder her. A copy of a deed attached to Barfield's original complaint shows that the property at issue is located in Louisiana. Also attached to the original complaint is a copy of a judgment entered by a Louisiana probate court which recites that Barfield's mother was residing in Bienville Parish, Louisiana, when she died in 1980.

    Hunt Petroleum has moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction.[1] The motion will be granted.

    "To survive a motion to dismiss, the plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to

---

[1] Hunt Petroleum has also filed a separate motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Because the action will be dismissed for lack of personal jurisdiction, I do not reach the Rule 12(b)(6) motion.

jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008). Because Nebraska's long-arm statute has been construed to permit jurisdiction to the extent of constitutional limits, the issue presented is whether the exercise of personal jurisdiction over the defendant in this case comports with due process. *See Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 561 (8th Cir. 2003); *see also* Neb. Rev. Stat. § 25-536.

"Due process requires 'minimum contacts' between a nonresident defendant and the forum state, such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Steinbuch*, 518 F.3d at 585-86 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980)). "The minimum contact inquiry focuses on whether the defendant purposely availed itself of the privilege of conducting activities within the forum state and thereby invoked the benefits and protections of its laws." *Id.* at 586 (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

"The Supreme Court has recognized two theories for evaluating personal jurisdiction: general and specific jurisdiction." *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 (1984)). "A state may exercise general jurisdiction if a defendant has carried on in the forum state a continuous and systematic, even if limited, part of its general business; in such circumstances the alleged injury need not have any connection with the forum state." *Id.* (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 779 (1984)). "The plaintiff must make a prima facie showing, however, that the defendant's contacts were not 'random,' 'fortuitous,' or 'attenuated.'" *Id.* (citing *Keeton*, 465 U.S. at 774). "Specific jurisdiction on the other hand is appropriate only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities." *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

2

"To evaluate the sufficiency of a defendant's contacts, [the Eighth Circuit] consider[s] five factors, affording the first three primary importance: 1) the nature and quality of the defendant's contacts with the forum state; 2) the quantity of such contacts; 3) the relation of the cause of action to the contacts; 4) the interests of the forum state in providing a forum for its residents; and 5) the convenience of the parties. The third factor–the relation of the cause of action to the contacts–applies only in the specific jurisdiction context and is immaterial in a general jurisdictional inquiry." *Id.* (citations omitted).

In this case, Hunt Petroleum has presented evidence by affidavit establishing that it does not do business in Nebraska and is not registered to transact business in the state, that it does not have an office or any employees in Nebraska, and that it owns no property in Nebraska. Also according to the affidavit, Hunt Petroleum is a Delaware corporation that is headquartered in Dallas, Texas. There is no evidence that Hunt Petroleum has had any contact with the State of Nebraska. Under these circumstances, it would "offend traditional notions of fair play and substantial justice" to require Hunt Petroleum to defend against this action in Nebraska.

Accordingly,

IT IS ORDERED that the defendant's motion to dismiss (filing 27) is granted, and that final judgment shall be entered by separate document providing that the plaintiff's action is dismissed for lack of personal jurisdiction.

August 14, 2008.                    BY THE COURT:

                                    s/ *Richard G. Kopf*
                                    United States District Judge